T.C. Summary Opinion 2016-17

UNITED STATES TAX COURT

LEONARD B. GILBERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5796-13S.                                Filed April 14, 2016.

Leonard B. Gilbert, pro se.

<u>Alexander R. Roche</u>, for respondent.

SUMMARY OPINION

PARIS, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 3, 2012, respondent determined a Federal income tax deficiency of $16,319 and an accuracy-related penalty under section 6662(a) of $1,775 for petitioner's 2010 taxable year.

Petitioner has conceded the only deficiency issue, which was whether he failed to report taxable wages of $59,274. The only remaining issue is whether petitioner is liable for the section 6662(a) accuracy-related penalty.[2] The Court holds that he is.

## Background

Some of the facts are stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner lived in Illinois when the petition was filed.

During 2010 petitioner was employed by the City of Chicago Fire Department as a paramedic. Petitioner had also just completed his master's degree in nursing education and was beginning his teaching career as an adjunct professor

---

[2]Respondent also made adjustments to petitioner's claimed: miscellaneous deductions reported on Schedule A, Itemized Deductions; education credit; and making work pay credit. Those adjustments are computational and will not be discussed further.

at Loyola University in the nursing department. When petitioner was first hired by Loyola University there was some confusion as to where he would be teaching. Within the first month of his employment he was transferred to the Edward Hines, Jr. VA Hospital (Hines VA) to assemble a simulation lab in the nursing department. Although petitioner thought he would be receiving payment for his services directly from Hines VA, Loyola University made initial payments to him. At some point during 2010, however, the Defense Finance and Accounting Service (DFAS) replaced Loyola University as payor for the services petitioner had provided to Hines VA.[3]

At the end of 2010 the City of Chicago, Loyola University, and DFAS all issued to petitioner Forms W-2, Wage and Tax Statement, reporting wages of $86,298, $6,700, and $59,274, respectively. Petitioner, however, did not receive the Form W-2 that was issued by DFAS. Petitioner was under the impression that all of the wages he had received for his teaching services would be reported on one Form W-2 that was issued by Loyola University. Consequently, he did not include a Form W-2 from DFAS with the other tax documents that he delivered to H&R Block when he hired them to prepare his 2010 Form 1040, U.S. Individual

---

[3]The record does not reflect the exact date on which DFAS took over as payor.

Income Tax Return. Petitioner did not notify an H&R Block representative that he was missing documentation from DFAS.

H&R Block prepared petitioner's 2010 Form 1040 and reported wage income of $92,998, representing the sum of the amounts reported on the City of Chicago Form W-2 and the Loyola University Form W-2. Petitioner's Form 1040 did not report $59,274 of wage income reported on the DFAS Form W-2 and reported a refund of $9,259. At trial petitioner admitted that he was "a bit surprised" to see the refund, but he did not take any additional steps to ensure the accuracy of the return before signing it.

Respondent issued to petitioner a notice of deficiency dated December 3, 2012, determining that petitioner had failed to report $59,274 of wage income reported on the DFAS Form W-2. Petitioner's failure to report the DFAS wages resulted in a deficiency of $16,319. Petitioner admitted that he had received and did not report the income. Respondent also determined that petitioner is liable for a section 6662(a) accuracy-related penalty for a substantial understatement of income tax because he reported tax of only $7,629 on his Form 1040 but the correct tax liability was $23,358.

## Discussion

Section 6662(a) and (b)(2) authorizes a 20% penalty on the portion of an underpayment of tax attributable to a substantial understatement of income tax. Under section 7491(c), the Commissioner bears the burden of production with regard to penalties. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet that burden, the Commissioner must come forward with evidence indicating that it is appropriate to impose the penalty. Id. Once the Commissioner has met the burden of production, the taxpayer has the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

An "understatement" is the excess of the amount of tax required to be shown on the return over the amount of tax that is actually shown on the return. Sec. 6662(d)(2)(A). An understatement of income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

On his 2010 tax return petitioner was required to show tax of $23,358 but showed tax of only $7,629; thus, the understatement of income tax is $15,729, which is greater than $5,000, which is also greater than 10% of the tax required to be shown on the return. Therefore, the understatement of income tax is substantial

for purposes of the section 6662(a) accuracy-related penalty. Respondent has met his burden of production in showing that petitioner substantially understated his income tax for 2010.

Taxpayers may avoid the accuracy-related penalty imposed by section 6662(a) by establishing that they acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448. "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence as to the disputed item. United States v. Boyle, 469 U.S. 241, 246 (1985). The term "good faith" has no precise definition but means, among other things, (1) an honest belief and (2) the intent to perform all lawful obligations. Sampson v. Commissioner, T.C. Memo. 2013-212, at *18. Whether a taxpayer acted with reasonable cause and in good faith is decided on a case-by-case basis, taking into account all pertinent facts and circumstances. See Higbee v. Commissioner, 116 T.C. at 448; sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Sec. 1.6664-1(b)(1), Income Tax Regs. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances. Higbee v. Commissioner, 116 T.C. at 449; sec. 1.6664-1(b)(1), Income Tax Regs.

Petitioner contends that he acted with reasonable cause and in good faith because he never received a Form W-2 from DFAS and relied on H&R Block to prepare his return.

The Court has previously held that the nonreceipt of a Form W-2 does not excuse a taxpayer from his or her duty to report the income, see, e.g., Du Poux v. Commissioner, T.C. Memo. 1994-448, nor does it constitute reasonable cause to prevent the application of a section 6662(a) accuracy-related penalty, see Ashmore v. Commissioner, T.C. Memo. 2016-36, at *13-*14. While the Court is persuaded that petitioner's omission of income was a genuine mistake, he did not act with reasonable cause and in good faith because he never took steps to verify whether the income reported on his Form 1040 and Forms W-2 represented the full amount of income he had actually received in 2010. Even though petitioner did not receive a Form W-2 from DFAS and was under the impression that all of the wages he had received for his teaching services would be reported on the same Form W-2 from Loyola University, he failed to report $59,274 of wage income, representing approximately 40% of his total income; petitioner should have known that at least some of that income was omitted from his income tax return, especially after being surprised to learn that he would be receiving a $9,259 refund. In addition, petitioner received a Form W-2 from Loyola University that

reported wage income of only $6,700; he should have known that he had earned more than $6,700 for teaching services he provided to Loyola University and Hines VA. Consequently, the Court finds that petitioner did not exercise ordinary care and prudence when he understated his income tax for 2010 and thus did not act with reasonable cause.

Finally, although petitioner had an H&R Block representative prepare his Form 1040, he did not provide the representative with all of the information that was necessary to prepare an accurate income tax return, namely a Form W-2 from DFAS. Accordingly, the Court will impose an accuracy-related penalty for an underpayment due to a substantial understatement of income tax for 2010.

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered for respondent</u>.